**WHITESIDE F.S. INC., Plaintiff,**

v.

**Gary L. SIEFKIN and Barbara A. Siefkin, Defendants.**

**No. 84 C 20115.**

United States District Court, N.D. Illinois, W.D.

Feb. 13, 1985.

**480**

David K.A. Shair, Rockford, Ill., for plaintiff.

Mary P. Gorman, Rockford, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is an appeal from the bankruptcy court. Appellant, Whiteside F.S. Inc., challenges the bankruptcy judge's determination that there was no insider activity between appellees, Gary and Barbara Siefkin, for purposes of invoking 11 U.S.C. § 727(a)(7). For the reasons set forth herein, the decision of the bankruptcy court is affirmed.

## BACKGROUND

On May 27, 1981, appellees filed a Voluntary Joint Petition under Chapter 7 of the Bankruptcy Code. After the Trustee and two creditors (among them the appellant in this case) filed objections to discharge, the appellees moved to voluntarily dismiss their Chapter 7 petition. On December 23, 1981, Bankruptcy Judge Richard DeGunther granted the appellees' motion to dismiss holding "... no ulterior motive exists [and] ... no abuse of the bankruptcy process is likely...." (Mem.Op. dated 12/23/81)

On August 18, 1982, appellees filed the present Voluntary Joint Petition under Chapter 7 of the Bankruptcy Code. Appellant filed a complaint objecting to discharge under 11 U.S.C. § 727. A trial was held before Judge DeGunther. On February 23, 1984, Judge DeGunther issued a memorandum decision dismissing Count II of appellant's complaint on the grounds that Section 727 does not apply. (Mem.Op. dated 2/23/84)

## DISCUSSION

Title 11, Section 727(a)(7) provides:

(a) The court shall grant the debtor a discharge unless—

\*    \*    \*    \*    \*    \*

(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, *in connection with another case concerning an insider.* (emphasis added)

Title 11, Section 101, provides, in relevant part:

In this title [11 U.S.C. §§ 1 *et seq.*]

\*    \*    \*    \*    \*    \*

(25) "insider" includes—

(A) if the debtor is an individual—

(i) *relative of the debtor* or a general partner of the debtor:

\*    \*    \*    \*    \*    \*

(34) "relative" means individual related *by affinity* or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree;

\*    \*    \*    \*    \*    \*

(emphasis added)

In dismissing Count II of appellant's complaint, the bankruptcy judge did not reach the merits of appellees' alleged Section 727(a)(2), (3), (4), (5), or (6) violations. Instead, the bankruptcy judge simply held the appellees did not fall within the language of Section 727(a)(7). Noting "[t]he sense and purpose of Section 727(a)(7) is to impose a sanction for misconduct of a debtor in a case other than his own case," the court held "[a]n insider under Section 727(a)(7) does not include the same individual husband and wife who were involved in a prior case."

Appellees urge this court to affirm the decision of the bankruptcy judge. Without citing any specific authority, appellees contend:

The purpose and intent of Section 727(a)(7) of the Bankruptcy Code is to

prevent debtors who are involved in several bankruptcy proceedings from failing to cooperate in a proceeding in which their own discharge is not at issue such as a corporate proceeding or a proceeding involving a partner or a relative and then, subsequently or simultaneously, obtaining an individual discharge in another case. Section 727(a)(7) is a statutory provision which ties related cases together so that misconduct in one case by an individual may be chargeable against that individual in other related proceedings.

Appellant simply contends the appellees are insiders within the meaning of the statute. Appellant argues the term "insiders" is not qualified or limited to debtors involved in collateral bankruptcy proceedings other than their own. Appellant contends the bankruptcy judge, without citing any authority, deviated from the law and express intent of Congress.

Although the purpose of Section 727(a)(7) is not abundantly clear from its Congressional history,[1] this court agrees with the interpretation given the Section by the bankruptcy judge and the appellees. While Section 727(a)(7) is literally applicable to the appellees (the appellees are alleged to have committed acts specified in paragraphs (2), (3), (4), (5) and (6) of Section 727(a) in connection with another case, and appellee, Gary Siefkin, was an insider with respect to Barbara Siefkin in that other case, while appellee, Barbara Siefkin, was an insider with respect to Gary Siefkin in that other case), such an application would be unreasonable.

Section 727(a)(7) is not intended to apply to all prior proceedings. If, for example, both actions had been filed in the name of a

single spouse Section 727(a)(7) would not apply; Gary Siefkin could not be held to be an insider to himself and Barbara Siefkin could not be held to be an insider to herself.

Similarly, in the view of this court, Section 727(a)(7) was not intended to apply to consecutive *joint petitions by a husband and wife* simply because they technically fit the definitions of insiders as to one another.[2] Such an interpretation would unduly expand Section 727(a)(7) beyond its intended purpose. Thus, for all of the reasons set forth herein, the order of the bankruptcy court is affirmed.

---

1. This court's own review of the House and Senate reports and debates concerning the Bankruptcy Reform Act of 1982 has revealed very limited discussion about the purpose of Section 727(a)(7). The House and Senate Judiciary Reports both provide:

> The seventh ground of discharge [§ 727(a)(7)] is the commission of an act specified in grounds two through six [§ 727(a)(2)–(6)] during the year *before the*

*debtor's case in connection with another bankruptcy case concerning an insider.* (emphasis added) (H.Rept.No. 95–595 to accompany H.R. 8200, 85th Cong., 1st Sess. (1977) p. 385; S.Rept.No. 95–989 to accompany S. 2266, 95th Cong. 2nd Sess. (1978) p. 99), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5885, 6341.

2. A different result would be required if a husband and wife filed separate petitions.